IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

**JOSEPH R. TOMELLERI**

 Plaintiff,

v.                   Case No.: 3:21-cv-259

**CURRIER'S LAKEVIEW LODGE, INC.,**    **JURY TRIAL DEMANDED**

 Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

  Plaintiff Joseph R. Tomelleri ("Plaintiff"), by and through the undersigned counsel, hereby submits his complaint for copyright infringement against Currier's Lakeview Lodge, Inc. ("Defendant") as follows:

**JURISDICTION AND VENUE**

  1.  This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement.

  2.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the copyright laws of the United States.

  3.  This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Wisconsin and has its principal place of business within this judicial district.

  4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located in this judicial district.

**PARTIES**

  5.  Plaintiff is an adult individual and a resident of the State of Kansas.

1

6. Defendant is a Wisconsin corporation with its principal place of business in Rice Lake, Wisconsin.

7. Defendant may be served via its registered agent, Shawn Payne, at 2523 14 ¾ Avenue Rice Lake, WI 54868-8736.

## TOMELLERI'S BACKGROUND AND WORKS

8. Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

9. Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

10. Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

11. For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

12. Plaintiff's work is identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium

13. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better understand fish and their changing ecosystems.

14. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish.

15. Plaintiff is and always has been the exclusive owner of all of his illustrations.

16.     Each of the illustrations is covered by a copyright registration owned by Plaintiff.

## DEFENDANT'S CONDUCT

17.     Defendant owns and operates a lodge in Rice Lake, Wisconsin.

18.     In order to advertise and promote its business, Defendant owns and operates the website with the URL address www.currierslakeview.com. ("the Website").

19.     The Website is used for commercial purposes, including advertising and promoting its business, and allowing customers to book rooms.

20.     Upon information and belief, the Website is distributed nationwide and viewable by any individual with internet access.

21.     Plaintiff discovered that Defendant, without authorization, reproduced and displayed at least one (1) of his illustrations on the Website – to wit, the Work.

22.     The Work, titled Bluegill, is registered with the United States Copyright Office under registration number VA 1 799 644 and was registered on June 20, 2011.

23.     Upon information and belief, Defendant modified the Work, creating derivative works of the Works.

24.     Upon information and belief, the Work reproduced and displayed on the Website were viewed by individuals all over the country.

25.     The Work was used by Defendant to advertise and promote its business.

26.     Upon information and belief, Defendant derived revenue as a result of its infringing use of the Work.

27.     Upon information and belief, Tomelleri's typical copyright management information was present on or near the Work when it was appropriated by Defendant.

## COUNT I - COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

28. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff has valid copyrights and a copyright registration for the Work.

30. Defendant has infringed Plaintiff's copyrights in his Work by preparing derivative works based upon the Work.

31. Defendant has infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

32. To the extent that Defendant does not acknowledge copying the Work, Defendant had access to the Work and the image used by Defendant is strikingly similar to the Work.

33. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyrights;

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement;

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff, so elects before judgment is entered, award statutory damages;

4

d.  Under 17 U.S.C. § 505, award costs to Plaintiff;

e.  Under 17 U.S.C. § 505, as the prevailing party in a Copyright lawsuit, award to Plaintiff his reasonable attorney fees;

f.  Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

g.  Grant to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Sean J. Quinn
Sean J. Quinn
SOUTHBANK LEGAL: LADUE | CURRAN | KUEHN
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
squinn@southbank.legal

and

/s/ Oliver Maguire
Oliver P. Maguire
(motion for pro hac vice forthcoming)
EVANS & DIXON, LLC
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, Kansas 66210
Telephone: 913-701-6810
Facsimile: 913-341-2293
Email: copyright@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF
JOSEPH R. TOMELLERI**